FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ FEB 22 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUVONDI R. PENDER,

                Plaintiff,

    - against -

USPS HEADQUARTERS; PATRICK R.
DONAHUE, Postmaster General;
JOHN E. POTTER, past PMG;
AGENTS; and EMPLOYEES,

                Defendants.
-------------------------------------------------------------X

ORDER

11-CV-6205 (NGG)(JO)

NICHOLAS G. GARAUFIS, United States District Judge:

        On December 19, 2011, plaintiff Juvondi Pender filed a pro se complaint against the United States Postal Service ("USPS") and several named and unnamed individual supervisors and employees on a form provided for filing actions for employment discrimination. (See Compl. (Docket Entry # 1).) He also moved for leave to proceed in forma pauperis ("IFP"), (Docket Entry # 3), and for appointment of counsel, (Docket Entry # 2). Pender's IFP request is granted for the purposes of this order, but, for the reasons set forth below, the Complaint is dismissed. Plaintiff's request for the appointment counsel is denied as moot.

        Pender checked all of the available cause-of-action boxes on the complaint form, indicating that this action is brought under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. (Compl. at 1.) He also checked all of the available boxes with respect to discriminatory conduct thereby alleging failure to hire, termination of employment, failure to promote, failure to accommodate a disability, unequal terms of employment, and retaliation. (Id. at 3.) He added

1

another discriminatory act, what appears to be "provide medical copies pre employment etc."

By checking boxes, Pender asserts that this myriad discrimination is ongoing and is on the basis of age and disability. (Id. at 3.) These allegations are supported by the following statement:

> In addition to unlawful [illegible] for disable U.S. veterans to bring x-rays, and all other medical information to prescreen for employment, reemployment was the [illegible] reason to deny employment based upon limited or no production to the preemployment process. This includes reinstatement of U.S. veterans to prior [illegible] in a new position on a career basis. Attach [illegible] 03 CV 01595-NGG-LB [illegible].

(Id. at 4.) A margin notation adds: "Tri-State U.S.P.S. application for employment and reinstatement of U.S.P.S., preemployment screening requiring x-rays and other medical information to be produced at the pre-screening without promise of employment etc." (Id. at 2.)

In IFP proceedings, a district court must dismiss a case if the court determines that the action is, among things, either: (1) "frivolous or malicious;" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

This action is largely frivolous and certainly fails to state a claim on which relief may be granted. Over the last two decades, Pender has filed numerous employment discrimination law suits in the federal courts of this state, and he has sued the USPS or its officials at least three times before in this court, see, e.g., Pender v. Potter (Pender II), No. 03-CV-1595 (NGG); Pender v. United States Postal Service (Pender I), No. 90-CV-1054 (RJD). Those of Pender's claims that are identical to claims raised in his previous lawsuits against the USPS and its agents must be dismissed because they are either within the scope of a filing injunction or are barred by the doctrine of res judicata. To extent that Pender refers to any new events, his complaint does not state a claim upon which relief may be granted and does not meet the minimum required for

2

leave to amend.

In Pender I, which was evidently preceded by at least two other lawsuits against the USPS, see, Order at 1-2, Pender II, No. 03-CV-1595 (NGG), Dkt. No. 26 (E.D.N.Y. May 11, 2004) (describing Pender's litigious history with the USPS), the court issued a filing injunction against Pender, see Pender I, 1992 WL 167254 at *1 (E.D.N.Y. May 4, 1992). Pursuant to the injunction—which remains in effect—Pender is barred from filing any claims against the USPS or its agents related to his employment with and termination from USPS in the 1980s without leave of the court. See id. Pender has refused to abide by the injunction. In 2003, he filed suit against USPS officials again alleging a variety of civil rights violations related to his 1980s employment with the USPS. See Pender II, Order dated May 11, 2004 at 1-2. And, here, most of the discrimination that Pender alleges—termination of employment, failure to promote, failure to accommodate a disability, unequal terms and conditions of employment, and retaliation—necessarily relates to his time with the USPS in the 1980s as there is no indication that Pender has worked for the USPS at any other time. As such, these claims are squarely within the scope of the injunction and must be dismissed as frivolous.

Pender also asserts failure to hire,[1] but these claims too have already been adjudicated. In Pender II, Pender also asserted that the USPS discriminated against him with respect to his application for re-employment. See 2005 WL 1074961, at *1 (E.D.N.Y. May 4, 2005). The court granted summary judgment for the defendants, and so, to the extent Pender's instant failure to hire claims are based on the same application for re-employment, they are clearly barred by the

---

[1] Penders final allegation of discriminatory conduct, "provide medical copies pre-employment, etc.," seems to be subsumed by his "failure to hire" allegation.

3

doctrine of res judicata and must be dismissed.

Of course, in theory, Pender's failure to hire claim could be based on some new application for re-employment with the USPS. It is impossible to know. The hand-written portions of Pender's complaint are incoherent and nearly illegible. They do not describe when Pender applied for a job or any of the circumstances surrounding the application process—except that medical records were required. The court is therefore forced to conclude that the facts alleged either pertain to the claims resolved in Pender II, or describe some subsequent benign interaction between Pender and the USPS.[2] In both cases, they do not give rise to an actionable claim.

A court must give a pro se plaintiff leave to amend his complaint if the complaint "gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), but, even given a liberal reading, Pender's complaint provides no such indication.

The complaint is accordingly DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), and Pender's request for counsel is DENIED as moot. The Court certifies that any appeal would not be taken in good faith and denies Pender IFP status for purposes of an appeal. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       February 17, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] Without more, such as some allegation of pretext, the requirement that prospective employees provide medical records in connection with their the application process is not illegal.

4